On appellant's petition for reconsideration filed December 18, 1989, reconsideration allowed, former opinion (98 Or App 436, 779 P2d 1075) modified and adhered to as modified February 14, reconsideration denied April 18, petition for review denied June 19, 1990 (310 Or 122)

In the Matter of
Lindsen Lee Charles, a Male Child.

STATE ex rel JUVENILE DEPARTMENT
OF LANE COUNTY,
*Respondent,*

*v.*

CHARLES,
*Appellant.*

(80-434; CA A46410)

786 P2d 1277

John Mehringer, Eugene, for petition.

NEWMAN, J.

Joseph, C. J., specially concurring.

**NEWMAN, J.**

In our opinion, 98 Or App 436, 779 P2d 1075 (1989), we held that the court did not err when it denied the child's motion to suppress a confession made after the police gave him *Miranda* warnings. We said:

> "The trial judge had the opportunity to hear the child's testimony and to observe his demeanor in court. He stated that he found that the child had 'sufficient understanding of the warning, he knew the topic or nature of the investigation, he knew what the officer was asking him about.' We agree with those conclusions." 98 Or App at 443.

In his petition for review, which we treat as a petition for reconsideration, ORAP 9.15, the child challenges the weight that we gave to the trial court's finding, because the child, at his request, was not present during the proceedings after the first half day of the hearing on the motion to suppress, and he did not testify on his own behalf.

For purposes of clarification, we modify our opinion to delete the portion quoted above and to replace it with:

> "The child asked to be excused from the courtroom after the first half day of the suppression hearing. The court granted his request. He did not testify on his own behalf or present witnesses and the record contains no testimony that contradicts the testimony of the officers. The trial judge had the opportunity to hear the child's confessions on the tapes and also to observe his demeanor during the time that he was present in the courtroom. The court stated that it found that the child had 'sufficient understanding of the warning, he knew the topic or nature of the investigation, he knew what the officer was asking him about.' We agree with those conclusions."

Reconsideration allowed; former opinion modified and adhered to as modified.

**JOSEPH, C. J.,** specially concurring.

I concur in the modification of the former opinion. I reiterate my dissent on the merits expressed in the former opinion, 98 Or App at 443.

Buttler, Warren and Edmonds, JJ., join in this opinion.